[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On April 27, 2001 this Court presided over a trial in the matter ofIn re Andrew L and Jeremy S.
The testimony and exhibits introduced at this hearing provided the following procedural history. On October 6, 1998 the Department of Children and Families (the Department) secured an order of temporary custody on behalf of the two named children. Thereafter the Department filed appropriate neglect petitions. The children have been committed to the Department since November 18, 1998. After a series of extensions of commitment, the Department filed a Petition for Termination of Parental Rights. The bases for the termination are abandonment, failure to rehabilitate and lack of on going parent-child relationship.
Based on the testimony at trial and information contained in the court file, this "Court makes the following findings:
A. There is clear and convincing evidence that the Department ofChildren and Families has made reasonable efforts to locate respondentmother Katherine K and respondent father Shawn L. CT Page 5741-hi
In the case of both identified parents, the Department has searched not only the immediate area, but also all locations wherein they might have had a legal residence. All efforts by both the Department and counsel have been unsuccessful. Furthermore, although efforts were made, the Department was unable to either locate or identity Jeremy S's father
B. There is clear and convincing evidence that the Department ofChildren and Families has made reasonable efforts to reunify the childrenwith their parents.
In the present case, the Department made reasonable efforts. However, because the parents have abandoned their children and have not made themselves available to the court, the Department of Children and Families or their counsel, the efforts were not successful. Furthermore, at an earlier hearing, a trial court found that reunification efforts were no longer appropriate.
C. There is clear and convincing evidence that for at least one yearthe following has existed:
 (1) The children have been abandoned. All parents have failed to maintain a reasonable degree of interest, concern or responsibility;
 (2) The parents have failed to achieve such degree of personal rehabilitation as would encourage the belief that with a reasonable time they could assume a responsible position in their children's lives; and
 (3) The actions of the parents were such that there is no parent — child relationship at the present time.
 D. Termination is in the best interests of the children by clear andconvincing evidence.
In arriving at this decision, the court has considered the following factors:
1. The timeliness, nature and extent of services offered or provided tofacilitate the reunion of children with parents.
The Department of Children and Families was immediately available for CT Page 5741-hj these families, offering services in a variety of areas. All parents were totally non-compliant.
2. The terms of any applicable court order, and the extent to which theparties have fulfilled their obligations under the order.
No parent has ever contacted either the court or the Department of Children and Families. None sought visitation with their children; none inquired about the welfare of these children. In summary, they have ceased to acknowledge their children's existence. Furthermore, they failed to adhere to any of the court's expectations.
3. Feelings and emotional ties of the children with respect to theirparents and any person who exercised physical care, custody and control ofthe children for at least one year with whom the children have developedsignificant emotional ties.
No parent has ever contacted the Department of Children and Families to inquire about the welfare of their children. None have provided financial support. None have offered resources to their children. None have acknowledged the special anniversaries or holidays generally considered important by children.
These young boys have a strong, loving relationship with their current foster parents and the siblings in that household.
4. Age of the Children
Andrew is now eleven years old. Jeremy is nine years old.
5. Parents efforts to adjust their circumstances to make it in the bestinterests of the children to return them home in the foreseeablefuture, including the extent of parental contact or communicationwith the children's guardian or custodian.
To the knowledge of this court, no parent has made any effort to accommodate the needs of these children.
6. Extent to which the parents have been prevented from maintaining ameaningful relationship with the children by unreasonable acts of thechildren, other parent or other person or economic circumstances.
No parent has been prevented from maintaining a meaningful relationship with the children. They merely chose not to exercise this right. CT Page 5741-hk
7. Whether the Department of Children and Families has made reasonableefforts to reunite the family pursuant to the federal Child Welfare Actof 1980.
The Department of Children and Families has made every reasonable effort to reunite these families. Unfortunately at the present time, termination of parental rights is in the best interests of the children.
The statutory parent for Andrew L and Jeremy S shall be the Commissioner of the Department of Children and Families. A case plan must be filed within thirty days.
 __________________________ JULIA DiCOCCO DEWEY, JUDGE April 30, 2001